# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

**FELIX WALLS**                                                                                          **PETITIONER**
Reg. #02414-112

**V.**                                    **CASE NO. 2:18-CV-136-KGB-BD**

**GENE BEASLEY, Warden,**
**Federal Correctional Institution-Low,**
**Forrest City, Arkansas[1]**                                                             **RESPONDENT**

## RECOMMENDED DISPOSITION

**I.     Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge Kristine G. Baker. Either party may file written objections to the Recommendation with the Clerk of Court if he disagrees with its findings and conclusions. To be considered, objections must be filed within 14 days. Objections should be specific and should include the factual or legal basis for the objection.

If no objections are filed, the parties risk waiving the right to appeal questions of fact. And, if no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record.

**II.    Background:**

In June 1995, Mr. Walls received a 360-month sentence in the Bureau of Prisons ("BOP") after a federal jury in the Eastern District of Michigan found him guilty of two

---

[1] The Clerk of the Court is directed to update the docket to reflect the correct defendant, Gene Beasley, the person having custody of the person detained. 28 U.S.C. § 2243.

conspiracy counts involving drugs and money laundering. (Docket entry #1 at 18-19); *United States v. Walls*, 2:92-CR-80236-RHC (E.D. Mich. June 15, 1995) (#158). Mr. Walls appealed the verdict. The Court of Appeals for the Sixth Circuit reversed and remanded for a new trial. *Walls*, 2:92-CR-80236-RHC (#251); *United States v. Walls*, 162 F.3d 1162 (Table), 1998 WL 552907, *10 (6th Cir. 1998).

Once the case had been returned to the Eastern District of Michigan, second (1998) and third (1999) superseding indictments were filed. (#1 at 20-36); *Walls*, 2:92-CR-80236-RHC (#263, #280). Mr. Walls was retried by a federal jury in May 2002 and was again found guilty of two conspiracy counts involving drugs and money laundering. *Walls*, 2:92-CR-80236-RHC (#429) Mr. Walls was sentenced to life imprisonment on the drug count and to 60 months' imprisonment for money laundering; the sentences were to run concurrently. (#1 at 33-34); *Walls*, 2:92-CR-80236-RHC (#517).

On appeal, the Sixth Circuit affirmed Mr. Walls's conviction but reversed and remanded for resentencing. *United States v. Walls*, 148 Fed. App.'x 286, 291 (6th Cir. 2005); *Walls*, 2:92-CR-80236-RHC (#557). At resentencing, Mr. Walls was again sentenced to life imprisonment on the drug count and 60 months' imprisonment on the money laundering count, with the sentences to run concurrently. *Walls*, 2:92-CR-80236-RHC (#616); *United States v. Walls*, 2006 WL 2190526, *3 (E.D. Mich. Aug. 1, 2006). His sentence was affirmed on appeal. *United States v. Walls*, 546 F.3d 728, 704-41 (6th Cir. 2009), *cert. denied*, 558 U.S. 1001 (Nov. 2, 2009).

During the pendency of the appeal of his resentencing, Mr. Walls sought relief in two ways. First, he sought federal habeas relief under 28 U.S.C. § 2241. *Walls v. United*

*States*, No. 2:06-CV-12441, 2006 WL 1851184 (E.D. Mich. June 30, 2006). His habeas petition was denied by a finding that "there is no allegation . . . that his remedy under §2255 would be inadequate or ineffective to test the legality of his conviction." *Id.* Mr. Walls then sought Rule 60(b)(4) relief from his judgment, which was docketed as a motion to vacate his sentence under 28 U.S.C. §2255. *Walls*, 2:92-CR-80236-RHC (#632). Because of Mr. Walls's then-pending appeal, the court denied the §2255 motion for lack of jurisdiction. *Id*. (#633); *United States v. Walls*, 2007 WL 911906 (E.D. Mich. March 22, 2007). Thereafter, in December 2010, Mr. Walls filed a second motion to vacate under §2255 with the sentencing court. *Walls*, 2:92-CR-80236-RHC (#669). However, Mr. Walls withdrew this motion in March of 2016. *Id*. (#700).

On June 19, 2017, the Government moved for compassionate release, asking that Mr. Walls's sentence be reduced to time served based on his age (75 years) and his increasingly poor health. (#1 at 35-36); *Walls*, 2:92-CR-80236-RHC (#705). The motion was denied. *Id*. (#707); *United States v. Walls*, 2018 WL 102647, *4 (E.D. Mich. Feb. 23, 2018). Mr. Walls's motion for reconsideration was also denied on May 18, 2018. *Walls*, 2:92-CR-80236-RHC (#713). Mr. Walls did not appeal this ruling; however, a separate motion for retroactive application of sentencing guidelines to drug offense under 18 U.S.C. § 3582 remains pending before the sentencing court. *Id*. (#703)

On September 24, 2018, Mr. Walls, who is serving his sentence in the BOP at the Federal Correctional Institution in Forrest City, Arkansas, filed a petition for writ of habeas corpus in this Court, under 28 U.S.C. § 2241. In his petition, he cursorily asserts his actual innocence, challenges decisions made by the trial judge during his first trial,

3

contends that his life sentence is both the result of vindictive prosecution for his successful appeal and a violation of the double jeopardy clause, and alleges a myriad of ineffective-assistance-of-counsel claims as to all of his trial and appellate attorneys. (#1) Respondent Beasley timely responded (#7), and Mr. Walls replied. (#10)

Mr. Walls suggests that he is being held illegally believing the governing statute carried a maximum sentence of 20 years' imprisonment. He argues that he has long-since satisfied that term and asks that he be granted a writ of habeas corpus and immediate release. (#1)

### III. Jurisdiction:

The Court lacks jurisdiction to hear Mr. Walls's petition. Generally, a federal inmate may challenge his conviction or sentence only with the sentencing court through a motion to vacate, set aside, or correct sentence, under 28 U.S.C. § 2255. *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010) (citing *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), *cert. denied*, 545 U.S. 1147 (2005)). A court cannot entertain a petition for habeas corpus under § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied him relief, <u>unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective</u> to test the legality of his detention." 28 U.S.C. § 2255(e) (emphasis added) The last clause is a provision generally referred as §2255's "savings clause." *Abdullah*, 392 F.3d at 959.

A petitioner who wishes to be excepted from the requirement of filing with the sentencing court under § 2255 must demonstrate that seeking relief from the sentencing

4

court would be inadequate or ineffective. *Lopez-Lopez*, 590 F.3d at 907 (citing *Abdullah*, 392 F.3d at 959). But this exception is a "narrowly circumscribed safety valve." *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061-62 (8th Cir. 2002), *cert. denied*, 537 U.S. 869 (2002). The fact that an individual is barred from filing a § 2255 motion for procedural reasons does not render the remedy inadequate or ineffective so as to permit a petitioner to file under § 2241. *Lopez-Lopez*, 590 F.3d at 907. Likewise, a § 2255 remedy is not deemed inadequate or ineffective simply because the claim was previously raised and rejected as a second or successive § 2255 petition, or because a § 2255 petition is time-barred. *Id*.

In his petition and reply, Mr. Walls clearly challenges his sentence. His direct appeal was unsuccessful; the court denied his first § 2255 motion for lack of jurisdiction because of his then-pending appeal; and he withdrew his second § 2255 motion before resolution could be reached. Mr. Walls has not shown that the remedy provided by § 2255 is "inadequate or ineffective" so as to qualify for the statute's savings clause. *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) (citing *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000)) (§ 2255 motion is not inadequate or ineffective merely because the sentencing Court denied relief, or because the sentencing Court denied permission to file a second or successive petition).

## IV.   Conclusion:

The Court recommends that Judge Baker DISMISS, without prejudice, Felix Walls's petition for writ of habeas corpus (#1) for lack of jurisdiction. Furthermore, Judge Baker should deny a certificate of appealability.

DATED this 28th day of January, 2019.

_____
UNITED STATES MAGISTRATE JUDGE