# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

**FELIX WALLS**  PETITIONER
Reg. #02414-112

v.  Case No. 2:18-cv-00136-KGB

**GENE BEASLEY**  RESPONDENT

## ORDER

Before the Court is the Recommended Disposition submitted by United States Magistrate Judge Beth Deere (Dkt. No. 11). Mr. Walls filed objections to the Recommended Disposition (Dkt. No. 14). After careful consideration of the Recommended Disposition, the objections, and a *de novo* review of the record, the Court adopts the Recommended Disposition as its findings in all respects (Dkt. No. 11). As the Court concludes that it does not have jurisdiction to consider Mr. Walls' petition, the Court denies as moot his motion for emergency bail (Dkt. No. 13).

**I.  Background**

The Court writes further to explain its reasoning and to address Mr. Walls' objections. In 1995, Mr. Walls was convicted by a jury for conspiracy to possess with intent to distribute and to distribute cocaine and conspiracy to launder money. *United States v. Walls, et al.*, Case No. 2:92-cr-80236-RHC-1, Dkt. No. 154 (E.D. Mich. June 15, 1995). He was sentenced to concurrent terms of 360 months on the drug conspiracy count and 60 months on the money laundering conspiracy count; the Sixth Circuit Court of Appeals reversed these convictions and remanded the case for a new trial. *United States v. Walls*, 162 F.3d 1162 (Table), 1998 WL 552907 (6th Cir. 1998). A third superseding indictment was issued in 1999, which added a quantity to the drug conspiracy count and added a new count for conspiracy to launder monetary instruments. *Walls, et al.*, at Dkt. No. 280. Mr. Walls was again convicted by a jury on both conspiracy charges and sentenced to

imprisonment for life on the drug conspiracy count and 60 months on the money laundering conspiracy count, to run concurrently. *Walls, et al.*, at Dkt. No. 517. The Sixth Circuit upheld the convictions on both counts but vacated the sentence on the drug conspiracy count and remanded for sentencing pursuant to *United States v. Booker*, 543 U.S. 200 (2005). *United States v. Walls*, 148 Fed. App'x 286 (6th Cir. 2005). On remand, on August 1, 2006, the district court sentenced Mr. Walls to life imprisonment on the drug conspiracy count of the third superseding indictment. *Walls, et al.*, at Dkt. No. 616. The Sixth Circuit affirmed the sentence, and the United States Supreme Court denied Mr. Walls' petition for *writ of certiorari*. *United States v. Walls*, 546 F.3d 728 (6th Cir. 2008), *cert. denied*, 558 U.S. 1001 (2009).

In February 2007, while his appeal was pending, Mr. Walls filed a Rule 60(b) motion to vacate judgment in the district court and that motion was docketed as a motion to vacate sentence under 28 U.S.C. § 2255. *Walls, et al.*, at Dkt. No. 632. The district court dismissed that § 2255 motion for lack of jurisdiction due to Mr. Walls' pending appeal. *Walls, et al.*, at Dkt. No. 633. On December 3, 2010, Mr. Walls again filed a § 2255 motion in the district court, but he withdrew that motion at a motion hearing on March 10, 2016. *Walls, et al.*, at Dkt. Nos. 669, 700.

**II.    Discussion**

Mr. Walls is before this Court on a petition filed under 28 U.S.C. § 2241. In his petition, he seeks release from imprisonment because of alleged violations of his Fifth and Sixth Amendment rights, including allegations that he is actually innocent, that the trial judge erred during his first trial, that his life sentence is the result of vindictive prosecution, and that he was ineffectively assisted by counsel at trial and during his appeals (Dkt. No. 1). Specifically, Mr. Walls asserts that the statute under which he was convicted carries a maximum term of 20 years'

imprisonment and that, since he has satisfied that term, he is entitled to a writ of *habeas corpus* and immediate release (*Id.*).

The Court does not have jurisdiction to hear Mr. Walls' § 2241 petition. Federal law is clear that a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255—in this case, the Eastern District of Michigan—and not in a *habeas* petition filed in the court where the petitioner is incarcerated under § 2241. *See Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) (citation omitted). While federal prisoners may bring petitions under § 2241, such petitions are generally limited to challenges to the *execution* of a sentence, such as the administration of parole and computation of sentences. *See Matheny v. Morrison*, 307 F.3d 709, 712 (8th Cir. 2002) ("A petitioner may attack the execution of his sentence through § 2241 in the district where he is incarcerated; a challenge to the validity of the sentence itself must be brought under § 2255 in the district of the sentencing court.") (citations omitted)

Section 2255's "savings clause" does provide a narrow exception to this rule by providing that an application for relief under § 2255:

> shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added). The effect of this "savings clause" is that a federal prisoner may file a § 2241 petition challenging his federal sentence or conviction if he establishes that the remedy provided under § 2255 is otherwise inadequate or ineffective.

The Eighth Circuit Court of Appeals has held that:

> a § 2255 motion is not "inadequate or ineffective" merely because: (1) "§ 2255 relief has already been denied," (2) "[the] petitioner has been denied permission to file a second or successive § 2255 motion," (3) "a second or successive § 2255

motion has been dismissed," or (4) "[the] petitioner has allowed the one year statute of limitations and/or grace period to expire."

*Hill*, 349 F.3d at 1091 (quoting *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000)) (alterations in original) (citations omitted). Furthermore, "[a] prisoner cannot raise, in a § 2241 motion filed in the district of incarceration, an issue which could or was actually raised in the § 2255 motion filed in the sentencing district." *Id.* at 1092 (citing *Lurie*, 207 F.3d at 1077-78).

First, in his present petition, Mr. Walls clearly attacks the validity of his conviction and sentence rather than the execution of his sentence. Mr. Walls asserts that the "Court directed verdict knowingly withholding material evidence" and imposed a "vindictive life sentence . . . for appealing the 30 year sentenced/double jeopardy, denial of compassionate release, and placing of a society ban[] against Mr. Walls." (Dkt. No. 1, at 1). He further asserts that:

> The A.U.S.A. vindictively increased the sentence from 20 years under 21 U.S.C. [§] 841(b)(1)(c) to life in prison, all were carried out without due process of law in order to vindictively punish Mr. Walls more severe[ly] for successfully winning a new trial thereby causing Mr. Walls to be illegally held in restraint of his liberty due to trickery and deceit without authority of law.

(Dkt. No. 1, at 3). These assertions are a challenge to the *fact* of Mr. Walls' conviction and sentence, not to the *execution* of his sentence. Accordingly, Mr. Walls' claims are not appropriate for a § 2241 petition.

Second, Mr. Walls has failed to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of his conviction. *See Hill*, 349 F.3d at 1091 (noting that the prisoner has the burden of demonstrating that § 2255's savings clause applies). Mr. Walls has presented no argument as to why a § 2255 motion is inadequate or ineffective to test the legality of his conviction or sentence nor has he explained why his arguments could not be presented to his sentencing court in a § 2255 motion. As "[a] prisoner cannot raise, in a § 2241 motion filed in the district of incarceration, an issue which could or was actually raised in the § 2255 motion filed in

the sentencing district," the Court concludes that Mr. Walls has failed to show that his available remedies under § 2255 were inadequate or ineffective. *Hill*, 349 F.3d at 1092 (citation omitted). Therefore, Mr. Walls' petition for writ of *habeas corpus* is dismissed without prejudice for lack of jurisdiction (Dkt. No. 1).

It is therefore ordered that:

1. The Court adopts the Recommended Disposition in its entirety as the Court's findings in all respects (Dkt. No. 11)

2. The Court dismisses without prejudice Mr. Walls' petition for writ of *habeas corpus* for lack of jurisdiction (Dkt. No. 1).

3. The Court denies as moot Mr. Walls' motion for emergency bail (Dkt. No. 13).

4. The Court denies Mr. Walls a certificate of appealability.

So ordered this the 11th day of April, 2019.

Kristine G. Baker
United States District Judge